**E-filed 5/27/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NIZAR A. YAQUB, M.D.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM, d/b/a/ SALINAS VALLEY MEMORIAL HOSPITAL,<br><br>　　　　　Defendant. | Case Number C-02-2703-JF (RS)<br><br>ORDER (1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR CLARIFICATION; (2) DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL; AND (3) SETTING BRIEFING SCHEDULE AND HEARING DATE ON PLAINTIFF'S MOTION FOR RELIEF FROM PROTECTIVE ORDER |

　　　Plaintiff Nizar Yaqub, M.D. ("Yaqub"), a physician of Arab origin, brought the instant action against Defendant Salinas Valley Memorial Healthcare System, dba Salinas Valley Memorial Hospital ("Salinas"), on June 5, 2000, alleging that Salinas discriminated against him based upon race and national origin by suspending and ultimately terminating his medical staff membership privileges. On September 8, 2003, the Court issued an order disposing of all claims except those arising under 42 U.S.C. §§ 1981, 1983 and 1985. On March 14, 2005, the Court

issued an order denying Salinas' motion for summary judgment as to these remaining claims and granting Salinas' motion for stay of proceedings ("March 14 Order") pending conclusion of administrative proceedings.  Before the Court are:  (1) Salinas' motion for reconsideration or clarification of the March 14 Order; (2) Salinas' motion for certification of the March 14 Order for interlocutory appeal; and (3) Yaqub's motion for relief from stay for the purpose of seeking relief from the protective order in this case.  The Court concludes that Salinas' motions are appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and will deny those motions for the reasons discussed below.  The Court concludes that a hearing is necessary for resolution of Yaqub's motion and by this order sets a hearing date and briefing schedule.

**A.    Salinas' Motion For Reconsideration Or Clarification**

Salinas moved for summary judgment based in part upon its contention that Yaqub's discrimination claims arising out of his 2001 suspension are barred by the doctrine of *res judicata* because those claims could have been litigated in the underlying administrative proceedings and mandamus action.  This Court rejected this argument after concluding that under the most recent Ninth Circuit authority mandamus proceedings cannot raise a *res judicata* bar to a later federal civil rights action.  March 14 Order at 6.  This Court further concluded that even if mandamus proceedings theoretically could raise such a bar, Salinas failed to demonstrate that Yaqub was afforded an opportunity to litigate his discrimination claims in the administrative proceedings.  *Id*. at 9.

Salinas asserts that even if Yaqub was denied the opportunity to litigate his discrimination claims in the administrative proceedings, he could have raised such improper denial in the subsequent mandamus proceedings, and his failure to do so results in a *res judicata* bar with respect to the instant action.  Salinas requests that the Court clarify whether it considered this latter issue in ruling on Salinas' motion for summary judgment and that the Court consider the issue now to the extent it did not do so when ruling on Salinas' motion.  Salinas also requests that the Court reconsider its denial of Salinas' motion with respect to certain issues that Salinas contends actually were litigated in the administrative proceedings.

With respect to Yaqub's asserted failure to raise in the mandamus proceedings the denial of opportunity to litigate his discrimination claims in the administrative proceedings, the Court did not consider this issue and declines to do so now.  While the issue was raised in passing in Salinas' moving papers, it was not briefed extensively by either party.  In opposition to Salinas' motion for reconsideration, Yaqub argues that he did in fact raise the limited scope of the administrative proceedings in the subsequent mandamus proceedings, that in any event the failure to do so could not give rise to a *res judicata* bar, and that Salinas is judicially estopped from asserting such a bar on the facts of this case.  Given the absence of focused argument on these issues in the underlying summary judgment motion, the Court is not in a position to address them on a motion for reconsideration or clarification.

With respect to the issues Salinas contends were actually litigated in the administrative proceedings, summary judgment is inappropriate in light of the Court's legal conclusion that the administrative proceedings do not have preclusive effect as a matter of law.  Even if the administrative proceedings could have preclusive effect in theory, the Court concludes that the type of piecemeal adjudication Salinas requests is inappropriate.

**B.     Defendant's Motion For Certification Of March 14 Order For Interlocutory Appeal**

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if the court concludes that (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion and (3) immediate appeal may advance materially the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *see also In re Cement and Concrete Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981).  Interlocutory appeal is the exception rather than the rule, and the party seeking interlocutory review bears the burden of demonstrating that "exceptional circumstances" justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.  *Cement and Concrete*, 673 F.2d at 1026.

Salinas requests that this Court certify two aspects of its March 14 Order for interlocutory appeal:  (1) whether mandamus proceedings can be the basis of a later claim preclusion bar and (2)  whether a litigant's failure to raise in mandamus proceedings his assertion that he was denied

3

an opportunity to litigate discrimination claims in the underlying administrative proceedings can be the basis of a later claim preclusion bar.

The Court concludes that neither issue is appropriate for certification. While the Court recognized in its March 14 Order that there appear to be conflicting cases on the first issue, the issue is not "controlling" for purposes of this case because even if mandamus proceedings theoretically could be the basis of a *res judicata* bar, Salinas has not demonstrated that Yaqub had the opportunity to litigate his discrimination claims in those proceedings. As discussed above, the Court concluded that Yaqub did *not* have the opportunity to litigate his discrimination claims in the administrative proceedings, and did not reach the issue of whether Yaqub's asserted failure to raise this lack of opportunity in the subsequent mandamus proceedings could be the basis of a preclusive bar. Because the Court did not reach this latter issue, such issue likewise would not be appropriate for interlocutory appeal. Finally, it is not at all clear that an interlocutory appeal would materially advance the litigation. The March 14 Order discusses at length the possibility that Yaqub may prevail in the new administrative proceedings, thus mooting all or a portion of the instant federal discrimination action. Under these circumstances, the Court will deny Salinas' motion for certification.

**C.     Plaintiff's Motion For Relief From Stay To Address Protective Order**

Yaqub requests relief from stay to bring a motion on shortened time regarding the protective order in this case. In essence, Yaqub wishes to use discovery materials obtained in the instant federal action in his administrative proceedings and asserts that the protective order precludes him from doing so absent court order. Salinas objects to shortening time to hear this issue and opposes any modification of the protective order.

The Court will grant Yaqub's request for relief from stay for the limited purpose of resolving the issue of the protective order. Salinas may file any further substantive opposition to that request on or before June 3, 2005. Yaqub may file any reply on or before June 8, 2005. The matter will be heard at 9:00 a.m. on Friday, June 10, 2005.

**ORDER**

(1) Defendant's motion for reconsideration or clarification is DENIED;

(2) Defendant's motion for certification for interlocutory appeal is DENIED;

(3) Plaintiff's request for relief from protective order is set for hearing at 9:00 a.m. on Friday, June 10, 2005.

DATED: May 27, 2005

/s/ electronic signature authorized
_____
JEREMY FOGEL
United States District Judge

This Order was served on the following persons:

James Clayton Culotta invalidaddress@myrealbox.com

Michael A. Duncheon mduncheon@hansonbridgett.com, lgregory@hansonbridgett.com;CalendarClerk@hansonbridgett.com

Jacquelyn J. Garman jgarman@hansonbridgett.com, mless@hansonbridgett.com

Charles M. Kagay cmk@slksf.com

Bartholomew Lee blee@slksf.com

Stephen B. Peck , Esq speck@hansonbridgett.com, ypete@hansonbridgett.com;CalendarClerk@hansonbridgett.com

Michael I. Spiegel mis@slksf.com

Kelly A. Sutherland ksutherland@acslaw.com, sm@acslaw.com